## WELLS v MONTGOMERY COUNTY et

Ohio Appeals, 2nd Dist, Montgomery Co

No. 932.   Decided Nov 26, 1930

Mills & Fowler, for Wells.

I. C. Delscamp, Dayton, for Rolands.

James & Coolidge and Daniel Dwyer, Dayton, for Mutual Home & Savings Ass'n.

E. G. Denlinger, Dayton, for Miami Savings & Loan Ass'n.

HORNBECK, J.

Neither the commissioners nor the contractor having filed pleadings in this case its determination rests entirely upon the equities of the other parties involved. The case coming to our attention de novo we must grant or refuse the relief sought on the facts as they now appear. There have been material changes in the relation of the parties since the trial in Common Pleas Court. It now appears that the defendants, Rolands, own neither lot 8 nor 10 in Roland Terrace Addition. It further appears that deficiency judgments against them in the sum of approximately $20,000.00 are of record in the Common Pleas Court in this county and a levy to secure the same has been made upon said lots. Independent of the compliance with the affirmative averment in the answer of defendants, Rolands, that J. G. Roland was able, ready and willing to perform his agreement to move the house of plaintiff on to either lot 8 or 10, there is no consideration whatever for the signing and execution of the plat. To permit this street to be opened up now would be grossly inequitable. If Imo Drive is constructed as planned all of plaintiff's lot but approximately 12x200 feet will disappear. All of the space which her house now occupies will be taken. Defendants, Rolands, have not shown that they are, at this time either able or ready, though willing to give good title either to lot 8 or 10.

There is no certainty, in fact, there is marked uncertainty, of the ability of the Rolands to place the plaintiff in a status so that the security of defendant, The Mutual Home and Savings Association will be assured. It is probable that their security would be wiped out. Should the plat be completed it is likely that the plaintiff would own nothing in lieu of that which she now possesses. The consideration for the signing of the plat failing an injunction should and will be allowed as prayed. Finding sufficient reason to support the relief sought, as heretofore stated, it is not necessary to consider the other questions briefed.

The demurrer of the plaintiff to the answer and cross petition of the Mutual Home and Savings Association on the ground that this court has no jurisdiction of the subject matter set up in the answer and cross petition, namely, to render judgment on the note and decree foreclosure, will be sustained.

The cross petition contains an action at law requiring a determination, if issue drawn, whether or not there is anything due on the note set up in the first cause of action. The second cause of action sets up the mortgage securing the note, default, and prays foreclosure of the mortgage lien. Until there is a determination of something due on the first cause of action there is no basis for the lien asserted in the second cause of action. Our right then to make a decree would begin, if at all, when and if a judgment was before us on the first cause of action. At no time would we have jurisdiction on the first cause of action on appeal and no jurisdiction on the second cause of action until there had been a determination favorable to the petitioner on its first cause of action.

KUNKLE, PJ, and ALLREAD, J, concur.